**In re BALDWIN LOCOMOTIVE WORKS.**
**Claim of DELMAR.**
**No. 18519.**

District Court, E. D. Pennsylvania.
Dec. 2, 1940.

Gerald A. Gleeson, of Philadelphia, Pa., for petitioner-claimant.

Bernard A. Illoway and Illoway & Fischer, all of Philadelphia Pa., for respondent Arnold Bernhard.

John P. Bracken, A. Allen Woodruff, and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for respondent Baldwin Locomotive Works.

BARD, District Judge.

This matter comes before the court on petition of a member of the bondholders' protective committee and on a rule granted on the chairman of the committee and the Baldwin Locomotive Works to show cause why an order of this Court, entered August 17, 1938, in proceedings for the reorganization of the Baldwin Company should not be executed in a specified manner.

By the order of August 17, 1938, the Baldwin Company was required to pay to the committee the sum of $31,213.33. Of this, $30,000 was for compensation and the balance for expenses. The order was in response to a petition for allowance to the committee of compensation and expenses. In the order all the committee members were named. The Baldwin Company issued a check for the full amount to Arnold Bernhard, as chairman of the committee, who deposited it in that capacity.

A meeting of the committee was called during the petitioner's absence. At this meeting, by a vote of the majority of the entire committee, a certain distribution of the fund was voted. Under this, the petitioner was awarded five per cent of the $30,000 plus his expenses, which amount he refused to accept as his share on the basis that, in the absence of a court provision to the contrary, he was entitled to one-fifth of the compensation plus expenses. The chairman, Arnold Bernhard, has refused to accede to the petitioner's demands for payment of a one-fifth share of the compensation award.

The petitioner contends that the Baldwin Company is directly responsible for his position, because it issued the check to the chairman alone and thereby gave the latter dominion of the fund. For this reason, and because the Baldwin Company was the central concern of the prior proceedings, the petitioner obtained a rule on it as well as on the Chairman, Bernhard.

The order in regard to the payment of compensation and expenses to various committees and counsel was made by the late Judge Dickinson, as was the final decree. In the latter, jurisdiction was reserved "of all questions relating to the construction, meaning, effect or application of all Orders and Decrees heretofore entered in this proceeding." In light of the content of related provisions and the general concern of final decrees it might be argued, as it was by the respondent Bernhard, that this reservation was only with regard to the proceedings to consummate the plan of reorganization and to effect its substance and intent. However, assuming that such was the nature of the reservation, the court is thereby not excluded from adjusting differences arising in execution of its incidental orders.

Unfortunately I am restricted to an objective interpretation of the order, since it did not issue from me. Therefore, there is no other fair conclusion but that an equitable distribution was intended and assumed by the court.

This court, acting under Judge Dickinson, had the authority to award compensation to committees such as the instant one. In re Tower Bldg. Corp., 7 Cir., 88 F.2d 347. Allowances are within the discretion of the court. I am not bound by the action of the committee in this regard. In re Middle West Utilities Co., D.C., 17 F.Supp. 359. In this instance, no individual allowance was made by the court.

The petitioner contends that the distribution by the committee was unfair and improperly ordered. The respondent Bernhard denies this. A factual issue has thus been raised by the petition and answer.

The respondent Bernhard in his answer contends that compensation was awarded by the committee upon the actual work done by and the value of the services of the members of the committee.

To prevent any injustice I shall allow both sides to present evidence to the court at a hearing to be held Monday, January 20, 1941, relative to the petitioner's compensation raised by the petition and answer.

The question relative to the Baldwin Company's responsibility in issuing the check to the chairman alone may await the determination of the other question.

So ordered.